(78 Misc. Rep. 213.)

GRACE et al. v. REPOSE MAUSOLEUMS, Inc., et al.

(Supreme Court, Special Term, Kings County. November, 1912.)

CEMETERIES (§ 5*)—RIGHTS OF CEMETERY ASSOCIATIONS—STATUTORY PROVISIONS.

A company formed as a business corporation, with wide and general commercial powers, is not entitled to the rights of a cemetery corporation.

[Ed. Note.—For other cases, see Cemeteries, Cent. Dig. §§ 5–8; Dec. Dig. § 5.*]

Action by William R. Grace and another, on behalf of themselves and all other persons similarly situated who may desire to join as parties plaintiff, against the Repose Mausoleums, Incorporated, and another. Heard on motion to continue a temporary injunction. Granted.

Parker, Hatch & Sheehan, of New York City, for the motion.
Holm, Whitlock & Scarff, of New York City, opposed.

PUTNAM, J. The Repose Mausoleums, Incorporated, having been formed as a business corporation with wide and general commercial

powers, is not, and cannot claim the rights of, a cemetery corporation. "A cemetery for the burial of the dead," says Mr. Justice Gray, in Close v. Greenwood Cemetery, 107 U. S. 474, 2 Sup. Ct. 273, 27 L. Ed. 408; "if not a strictly charitable use, is in some respects a pious and public use." And this is the view of the Legislature. The Rural Cemetery Act (Laws of 1847, c. 133) authorized not less than seven persons to incorporate, with not less than six nor more than twelve trustees. A corporation so formed (section 4) could hold not more than 200 acres of land, "to be held and occupied exclusively for a cemetery for the burial of the dead." The present statute (Memb. Corp. Law [Consol. Laws 1909, c. 35] art. 4) intrusts a cemetery corporation to the management of trustees in whose election the lot owners may vote (section 63). Such cemetery corporations have also a limited power to condemn lands by eminent domain (section 65), and lands for cemetery purposes are tax exempt (Tax Law [Consol. Laws 1909, c. 60] § 7) and cannot be mortgaged, sold, or applied to payment of debts so long as used for cemetery purposes (Real Prop. Law [Consol. Laws 1909, c. 50] § 450). After payment of the purchase money of the burial lands, the proceeds of the sale of lots are to "be applied only to the improvement, preservation and embellishment of such cemetery and the incidental expenses of the corporation." Section 70. The additional real or personal property up to $200,000 in value which cemetery corporations may have is also strictly limited, as it, or the income thereof, is to be used only for the purpose of improvement and preservation of the cemetery, with its tombs, structures, trees and flowers. Section 65.

The power of the state to regulate cemeteries with regard to the health of the living caused the Legislature (Laws of 1852, c. 280) to amend the act of 1847 so as to prohibit any cemetery corporation so incorporated to take land in the counties of Westchester, Kings, or Queens without consent of the county supervisors. This, however, was insufficient, as it did not apply to cemeteries then incorporated by special acts or to individual burial places. In country regions the owner of a freehold had long been accustomed to devote a part of his private lands to the burial of his family or friends. Even this might imperil the health of communities spreading out into these three counties, so this restriction was further amended (Laws of 1854, c. 238) to add:

"Nor shall it be lawful for any person [or corporation not incorporated under said act] to take as aforesaid or set apart or use any land or ground in either of said counties for cemetery purposes without the consent of the board of supervisors of such county first had and obtained."

This stands re-enacted, except the part in brackets, in similar words in Real Property Law, § 451. These restrictions upon cemetery corporations, in their corporate organization and in subjecting them to local regulation, are part of the general policy of the different states. See Ransom v. Brinkerhoff, 56 N. J. Eq. 149, 163, 38 Atl. 919; Brown v. Maplewood Cemetery, 85 Minn. 498, 89 N. W. 872; 6 Cyc. 710.

No authority has been cited to sustain the proposition that a stock corporation organized under the Business Corporation Law can have the rights of a cemetery corporation. It is to secure permanence for "God's Acre" that cemetery corporations are restricted to burial purposes, and cannot engage and involve their property in general corporation activities. If the cemetery could take up general stock corporation enterprises, a reverse might lead to a sequestration of its funds, and so reach and absorb the permanent investments sacredly devoted to its preservation and the care of memorials of the dead. The Repose Mausoleums, Incorporated, by its certificate states its objects, besides conducting a cemetery, to be to manufacture and deal in monuments; the general business of a florist; to construct chapels, buildings, crematories, mausoleums, burial vaults, and ornaments; to buy, sell, hold, lease, mortgage, and otherwise dispose of land in the United States and foreign countries; to acquire the rights, good will, and property of any firm or association, and pay for same in stock or bonds of this company; to own, use, and operate trade-marks, patents, and inventions, and issue licenses to others; also to hold stocks and bonds of any corporation, and issue in exchange therefor its stocks, bonds, or other obligations, and all such powers to be exercised to the same extent "as a natural person might or could do, and to carry on its operations throughout the states of the United States and elsewhere as principals, agents, or otherwise." Such corporate enterprises would unfit a cemetery for the discharge of the duties which it owes to the public, and for the execution of which a cemetery corporation is permitted by the state.

This application to the supervisors on May 20th was signed by "William Hart, as agent for Repose Mausoleum, a cemetery corporation." The permit purporting to be passed by the supervisors September 28, 1912, five times recites the Repose Mausoleum as "a cemetery corporation." As this defendant was not a cemetery corporation, but, on September 28, 1912, was, and now is, a business corporation, attempting as one of its corporate objects to exercise the rights of a cemetery corporation, without being organized in compliance with the statutes of this state for that purpose, the so-called permit was unauthorized.

The temporary restraining order is continued, and an order will also be made granting the various applications filed to be joined as parties plaintiff.

Ordered accordingly.